IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY EWERS, | § | |
|    Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-04-4434 |
| v. | § | |
| | § | |
| ALEXANDER PLADOTT, | § | |
|    Defendant. | § | |

**ORDER TO TRANSFER**

On March 3, 2005, the parties consented to proceed before a United States Magistrate Judge, for all further proceedings, including trial and entry of final judgment, under 28 U.S.C. §636 (c). (Docket Entry # 10). The court previously considered, but deferred ruling on, a motion to transfer this case to the District of Massachusetts. After further review of the facts and the applicable law, it is ORDERED that this case be transferred.

**Discussion**

This is one of at least three active lawsuits in which related parties are all attempting to recover funds from the same individual, Christopher Patrick Heron. In this particular suit, Plaintiff Larry Ewers ("Plaintiff," "Ewers") alleges that Defendant Alexander Pladott ("Defendant," "Pladott") fraudulently induced him to enter into a contract relevant to that recovery attempt . In the alternative, he claims that Pladott breached their valid contract, and so he is seeking a recision of the contract, or a return of the sums supposedly expended as a result of Pladott's alleged fraud. (Notice of Removal, Exhibit ["Ex."] A: Plaintiff's Original Petition, Docket Entry # 1). For his part, Pladott not only contests those allegations, but moved to dismiss this case for lack of personal jurisdiction. That motion was denied, but the court took under advisement his additional request to

1

transfer this case, *Ewers v. Pladott*, to Massachusetts, where the first action was filed on these related claims. (Memorandum and Order Denying Motion to Dismiss, Taking Under Advisement Motion to Transfer, Docket Entry # 23). Greater detail about these parties and the triggering events that led to this litigation is recited in the memorandum order denying the motion to dismiss, and it need not be repeated here. (*Id*.).

The last court action on this matter was a conference with the parties on April 27, 2005. (Docket Entry # 21). At that time, a default judgment was said to be pending in the Massachusetts court and Pladott's unsuccessful motion to intervene in that case was on appeal. The United States Court of Appeals for the First Circuit recently affirmed Judge Zobel's decision to deny the request to intervene, as a matter of right, and so this court returns to the question of venue. *Ewers v. Heron*, _ F.3d _, 2005 WL 1907275 (1st. Cir. 2005). The decision by the First Circuit does not preclude a transfer of this case, and the factors to be considered in weighing a transfer of venue differ markedly from those to be weighed in ruling on a Rule 24(a) motion to intervene. 28 U.S.C. § 1404(a); *see Action Industries, Inc. v. U.S. Fidelity & Guaranty*, 358 F.3d 337, 340 (5th Cir. 2004) (citations omitted). That difference is particularly important here, because in the four months which have elapsed since the status conference, no final judgment has been entered, or even submitted for approval, in the Heron matter. More importantly, in the interim, Pladott has filed his own suit against Ewers in the District of Massachusetts. The latest volley by Pladott appears to mirror the complaints made against him by Ewers in this jurisdiction. (*See Pladott v. Ewers*, Case No. 1:05-cv-10356-RWZ; "*Pladott v. Ewers*"). In the recently filed suit, Ewers has answered, and has made appearances, without raising any objection to the jurisdiction, or any contention that the matter should be resolved in another, more convenient venue.

The court is now well convinced that the parties' shifting contentions and alliances, as revealed by the competing and intertwining complaints, should be resolved in the same forum. It follows, then, that this case should be transferred to the District of Massachusetts, under 28 U.S.C. § 1404(a), not only for the convenience of the parties, but also in the interests of justice and judicial efficiency.

### *Transfer Under 28 U.S.C. § 1404(a)*

The transfer of venue from one district court to another is governed by 28 U.S.C. § 1404(a), which provides that

> [f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404. The statute is intended "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *State Street CapitalCorp. v. Dente*, 855 F.Supp. 192, 197 (S.D. Tex. 1994) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964); *Stabler v. New York Times Co.,* 569 F.Supp. 1131, 1137 (S.D. Tex. 1983)). The court's discretion to grant a change of venue is necessarily broad, as it is exercised on an "individualized, case-by-case consideration of convenience and fairness." *International Software Systems, Inc. v. Amplicon Financial*, 77 F.3d 112, 115 (5th Cir. 1996); Van *Dusen,* 376 U.S. at 622. "The determination of 'convenience' turns on a number of public and private interest factors, none of which [is] of dispositive weight." *Action Industries*, 358 F.3d at 340 (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)). Private concerns include the following:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing

>witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Action Industries*, 358 F.3d at 340, n. 8; *Walter Fuller Aircraft Sales, Inc. v. Republic of Phillippines*, 965 F.2d 1375, 1389 (5th Cir. 1992). Public concerns include such litigation considerations as the following:

>(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Action Industries*, 358 F.3d at 340, n.8. After careful review of the record, as a whole, it appears that Pladott is correct in arguing that a majority of the private "convenience factors" weighs in favor of a transfer. (Docket Entry # 23).

Admittedly, it is impossible to predict with certainty which documents will be used in this lawsuit, but it is highly likely that most of them have already been produced in the Massachusetts litigation. *See Action Industries*, 358 F.3d at 340, n. 8. And, as Ewers initiated the first suit in that district, the additional burden of production placed on him by a transfer of this litigation, if any, will be slight. More importantly, the Massachusetts court's ability to order the production of any additional documents, or to subpoena necessary witnesses is not limited in any way. *Id.* The court is persuaded that the claims litigated in *Ewers v. Heron*, which is still pending in that district, involve many of the parties implicated here, and it is likely that each of those will be required to appear in Massachusetts. Efficiency and convenience demand that they travel to only one jurisdiction to resolve these related disputes.

Turning to the relevant public concerns, Pladott correctly observes that the District of Massachusetts carries fewer pending cases than the Southern District of Texas, and so, in theory,

this lawsuit may proceed more quickly in that jurisdiction.  Further, while both courts are certainly competent to apply Texas law to the dispute, if necessary, it appears that the Massachusetts court is already familiar with the issues presented.  Although this court undoubtedly has an interest in seeing Ewers' rights protected, as he is a Texas resident, the public policy considerations, on balance, weigh towards a more efficient adjudication in Massachusetts.  *Id.* at 340.

As a final matter, the court is well aware, in deciding to transfer this case, that the "first-to-file" rule would typically dictate a different result.[1]   There are, however, exceptions to this general rule, and strict adherence is unnecessary if "compelling circumstances" justify a different resolution. *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n.28 (5th Cir. 1992) (citation omitted); *see also West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, South Atlantic And Gulf Coast District Of The ILA; AFL-CIO*, 751 F.2d 721, 729 n.1 (5th Cir. 1985) (suggesting that a court of first-filing may transfer a case to a second filed court); *Rico Records Distributors, Inc. v. Ithier*, 364 F.Supp.2d 358, 361 (S.D.N.Y. 2005) (citing *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) ("notwithstanding the 'first-filed' rule, preference can be given to the later-filed case, either by dismissal of the first-filed action or by its transfer pursuant to 28 U.S.C. § 1404(a) to the venue of the later-filed action, where the balance of convenience tilts in favor of the latter-filed action")); *see also Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993); *Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803 F.Supp. 971, 974 (D.Del. 1992); *FMC Corp v. AMVAC Chemical Corp.*, 2005 WL 1804295 (E.D. Pa. 2005).  Here, all three cases, *Ewers*

---

[1] The first-to-file rule determines which court may decide the merits of similar cases, and "which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter Corp. v. P & P Industries.*, 125 F.3d 914, 920 (5th Cir. 1997);  *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971) ("when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit . . . .").

*v. Heron*, *Ewers v. Pladott*, and *Pladott v. Ewers*, arise from common events involving related persons and entities. That circumstance alone suggests that the cases should be adjudicated in one forum, if for no other reasons, than to eliminate the potential for strategic advantage to one party and the likelihood of inconsistent rulings. For those, and all of the other reasons discussed, the court finds that a transfer to the District of Massachusetts is appropriate, so that these claims can be consolidated with the ones pending in that jurisdiction.

**Conclusion**

Based on the foregoing, it is **ORDERED** that this matter is **TRANSFERRED** to the District of Massachusetts.

The Clerk of the Court shall enter this order and provide a true copy to all counsel of record.

SIGNED at Houston, Texas, this  30th day of August, 2005.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**